WO                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Donald Ray Palmer,                         No. CV 19-05031-PHX-MTL (MHB)

    Plaintiff,

v.                                         **ORDER**

State of Arizona, et al.,

    Defendants.

      Plaintiff Donald Ray Palmer, who is confined in the Arizona State Prison Complex-Lewis, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss this action.

**I.  Application to Proceed In Forma Pauperis and Filing Fee**

      The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

1  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff names the State of Arizona and former Arizona Department of Corrections Director Charles L. Ryan as Defendants in his two-count Complaint. Plaintiff seeks declaratory and injunctive relief and money damages.

Plaintiff alleges that prior to January 1, 1994, Arizona law authorized parole or commutation for an individual convicted of first-degree murder and sentenced to life with the possibility of release. In 1993, the Arizona Legislature eliminated life with parole for all offenses committed on or after January 1, 1994.

On March 2, 2005, Plaintiff was charged with attempted first-degree murder, drive-by shooting, aggravated assault, and being a prohibited possessor, with an enhancement for a dangerous nature prior conviction. Plaintiff was offered two plea agreements under which he would serve a maximum of 21 years in prison. On the advice of counsel, Plaintiff rejected the plea offer and exercised his right to trial by jury. On March 13, 2007, Plaintiff was convicted of attempted first-degree murder, drive-by shooting, and aggravated assault. Plaintiff alleges he was sentenced to "life with the possibility of parole after 25 years and all sentences in all three counts will concurrent under ARS 13-604(S)."[1] Plaintiff argues the sentence was unlawful because "Arizona law had eliminated life with parole for offenses committed on or after Jan. 1, 1994."

Plaintiff raised this issue in a Rule 32 petition, but his petition was denied and the Arizona Court of Appeals affirmed the decision. Plaintiff asserts he was sentenced under Arizona Revised Statutes section 13-604(S), which, according to Plaintiff, states: "a Defendant who has previously been convicted of two or more serious offenses not committed of the same occasion, shall be sentenced to life imprisonment and is not eligible

---

[1] Plaintiff's sentencing document in Pima County Superior Court, case number CR 2005-0892, states that Plaintiff was sentenced to "life imprisonment without eligibility for release for 25 years, with consecutive community supervision in accordance with A.R.S. 13-603(I), mandated pursuant to A.R.S. 13-604(S)."

for suspension of sentence, probation, pardon, or release from confinement on any basis except as specifically authorized by section 31-233, subsection A or B until the person has served not less than twenty five years or the sentence is commuted." Plaintiff argues this section "has no language or give authority to sentence Plaintiff to life with parole." Plaintiff contends that "because the state did not challenge Plaintiff's sentence, life with parole . . ., by means of a timely motion in the trial court or a cross-appeal, no court has jurisdiction to amend that sentence, and it is therefore . . . now valid and binding, State v. Dawson, 792 P.2d 741 (1990)."

Plaintiff first claims he is being denied parole eligibility because he was never given a parole eligibility date. Plaintiff alleges that in April 2017, he learned "there might be an issue with sentences of life with the possibility of parole in Arizona." He contends a corrections officer then informed him he "was not eligible for parole consideration and could only apply for commutation after serving 25 years."

Plaintiff further states that in 2018, the Arizona Legislature implemented Arizona Revised Statutes § 13-718 which, according to Plaintiff, states "a person who was convicted of first-degree murder and who was sentenced between Jan. 1, 1994 and August 3, 2018 to life with the possibility of parole after serving a minimum number of calendar years pursuant to a plea agreement that contained a stipulation to parole eligibility is eligible for parole after serving the min. number of calendar years that was specified in the sentence." Plaintiff contends that because he was not sentenced pursuant to a plea agreement, he is not covered by this statute and that he is denied equal protection of the law because he exercised his right to a trial. He argues he was sentenced to "'life with parole' but should [have] been sentenced to 'life with release.'"

Plaintiff argues that although commutation is still available, parole is more favorable because the criteria for parole are less stringent and because parole decisions are made by the parole board without review by the governor. Plaintiff further argues his sentence was clearly illegal.

Plaintiff claims violations of his equal protection rights and right to due process and

1 asserts the State "has failed in its duty to interpret, articulate and impose the correct
2 sentencing guideline set forth in ARS 13-604(S)."

3 Plaintiff asks that the Court declare a violation of his equal protection and due
4 process rights, enjoin Defendants "from subjecting Plaintiff to the illegal and
5 unconstitutional sentence of 'life with parole,'" and order Defendants to resentence him
6 "to the 7-21 years offered before trial by the state." Plaintiff seeks general monetary
7 damages and a punitive damages award "if resentence is not proper, to an amount of one
8 hundred (100) dollars a day for each day Plaintiff is held on this illegal sentence since
9 2005."

10 **IV. Failure to State a Claim**

11 A prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a
12 judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction
13 or sentence," unless the prisoner demonstrates that the conviction or sentence has
14 previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512
15 U.S. 477, 486 (1994). This bar also extends to claims for declaratory relief. *Edwards v.
16 Balisok*, 520 U.S. 641, 647-48 (1997). Plaintiff explicitly argues his sentence is illegal and
17 has not been invalidated. Plaintiff's claim for monetary damages is therefore barred by
18 *Heck* and must be dismissed.

19 To the extent Plaintiff seeks resentencing, or any relief which would result in
20 immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser
21 v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

22 Because Plaintiff claims are not properly asserted in a § 1983 action, the Court will
23 dismiss the Complaint and this case.

24 **IT IS ORDERED:**

25 (1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.
26 (2) As required by the accompanying Order to the appropriate government
27 agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing
28 fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 3rd day of December, 2019.

Michael T. Liburdi
United States District Judge