1   WO                                                                    KM

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Donald Ray Palmer,                          No.   CV 19-05031-PHX-MTL (MHB)

10                        Plaintiff,

11   v.                                          **ORDER**

12   State of Arizona, et al.,

13                        Defendants.

14

15          On August 26, 2019, Plaintiff Donald Ray Palmer, who is confined in the Arizona

16   State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C.

17   § 1983 and an Application to Proceed In Forma Pauperis.  In a December 4, 2019 Order,

18   the Court granted the Application to Proceed and dismissed the Complaint and this action

19   for failure to state a claim.  Judgment was entered the same day.

20          On November 2, 2020, Plaintiff filed an Amended Complaint.  In a December 3,

21   2020 Order, the Court ordered the Clerk of Court to strike the Amended Complaint because

22   this case had been closed for a year.

23          On December 16, 2020, Plaintiff filed a Motion for Reconsideration (Doc. 12),

24   asking that the Court reconsider its dismissal of this case and the denial of Plaintiff's

25   Amended Complaint.  Plaintiff also states that he never received a copy of the Court's

26   December 4, 2019 Order and this "denied [him] a fair opportunity to respond to the courts

27   dismissal being that it is clearly in error and manifestly unjust."

28   . . . .

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In the December 4, 2019 Order, the Court dismissed the Complaint because Plaintiff's challenges to the legality of his sentence are not properly asserted in a § 1983 action. The Court has reviewed the original Complaint, the Order of dismissal, and Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its decision to dismiss this case. Thus, the Court will deny Plaintiff's Motion for Reconsideration. As a courtesy to Plaintiff, the Court will instruct the Clerk of Court to send Plaintiff a copy of the December 4, 2019 Order and Judgment.

**IT IS ORDERED:**

(1)     Plaintiff's December 16, 2020 Motion for Reconsideration (Doc. 12) is **denied**. This case must remain **closed**.

. . . .

(2)     The Clerk of Court must send Plaintiff a copy of the December 4, 2019 Order (Doc. 7) and Judgment (Doc. 9).

(3)     This case must remain **closed**.

Dated this 18th day of December, 2020.


Michael T. Liburdi
United States District Judge