**WO**                                                                                                   KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Ray Palmer, | No.  CV 19-05031-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amendment Complaint (Doc. 26) and Motion to Stay (Doc. 27).  The Court will dismiss Defendants Acuna, Ducey, and Hobbs; substitute Arizona Department of Corrections, Rehabilitation and Reentry (ADC) Director Ryan Thornell for Defendant Shinn; and grant the Motion to Stay.

**I.     Background**

   **A.     Procedural Background**

On August 26, 2019, Plaintiff Donald Ray Palmer, who is confined in the Arizona State Prison Complex-Lewis and is proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a December 4, 2019 screening Order, the Court concluded that Plaintiff's claim for monetary damages was barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), and that to the extent Plaintiff sought resentencing, his exclusive remedy was a petition for habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).  The Court dismissed the action and Judgment was entered the same day.

. . . .

JDDL

On November 2, 2020, Plaintiff filed an Amended Complaint. In a December 3, 2020 Order, the Court ordered the Clerk of Court to strike the Amended Complaint because this case had been closed for nearly a year. On December 16, 2020, Plaintiff filed a Motion for Reconsideration, which the Court denied in a December 18, 2020 Order. On January 4, 2021, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. On July 19, 2022, the Ninth Circuited vacated the Judgment and remanded to give Plaintiff an opportunity to amend his claims.

On July 25, 2022, Plaintiff filed a "Motion for Leave Until the Criminal Case is Resolved." In a September 9, 2022 Order, the Court denied the Motion and gave Plaintiff 30 days to file an amended complaint. Having not received an amended complaint from Plaintiff, the Clerk of Court entered an October 25, 2022 Judgment of dismissal for failure to comply with a court order.

On November 3, 2022, Plaintiff filed a Motion for Reconsideration, asking the Court to reopen this case because he never received a copy of the Court's September 9, 2022 Order. The Court granted the Motion and gave Plaintiff an additional 30 days to file an amended complaint.

On December 1, 2022, Plaintiff filed a First Amended Complaint (Doc. 26). On December 8, 2022, he filed a Motion to Stay (Doc. 27).

**B.    State Court Proceedings**

On March 2, 2005, Plaintiff was charged with attempted first-degree murder, drive-by shooting, aggravated assault, and being a prohibited possessor, with an enhancement for a dangerous-nature prior conviction. Plaintiff was offered two plea agreements under which he would serve a maximum of 21 years in prison. On the advice of counsel, Plaintiff rejected the plea offers and exercised his right to a jury trial. On March 13, 2007, Plaintiff was convicted of attempted first-degree murder, drive-by shooting, and aggravated assault. The trial court sentenced Plaintiff to concurrent life terms. At sentencing, the trial court stated Plaintiff was sentenced to "life in prison with the possibility of parole after 25 years," but the minute entry stated Plaintiff was sentenced to concurrent life terms "without the

possibility of release for twenty-five years." *State v. Palmer*, 2021 WL 4156320, *1 (Ariz. Ct. App. Sept. 13, 2021).

In April 2021, Plaintiff filed, in the trial court, a petition for postconviction relief under Rule 32.1 of the Arizona Rules of Criminal Procedure, raising a claim his sentence was unlawful because Arizona had "eliminated life with parole for offenses committed on or after Jan. 1, 1994." The trial court dismissed his petition, and the Arizona Court of Appeals affirmed. Plaintiff and the State of Arizona then filed a Joint Petition for Review from Dismissal of Petition for Postconviction Relief. The Supreme Court of Arizona granted review, vacated the decision of the Arizona Court of Appeals, and remanded the case to the trial court for "further proceedings on the merits in light of the parties agreement." *Arizona v. Palmer*, 2022 WL 3699531, at *1 (Ariz. Aug. 23, 2022).

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   First Amended Complaint**

Plaintiff names the following Defendants in his one-count First Amended Complaint: former Arizona Governor Doug Ducey, Arizona Governor Katie Hobbs, Pima County Superior Court Judge Edgar B. Acuna, and former ADC Director David Shinn. In his Request for Relief, Plaintiff seeks an order requiring Defendants to sentence Plaintiff "within the legal applicable statutory guidelines and [an] order requiring a[] faithful and impartial proceeding afforded to all citizens of the United States that Defendant refuse to acknowledge." Plaintiff asserts his claims are properly brought under § 1983 because he is not seeking "present or earlier release."

Plaintiff alleges violations of his Fourteenth Amendment due process rights. He asserts Defendants Ducey and Hobbs are responsible for supervising their employees, Defendants Acuna and Shinn, and ensuring that they "protect their oath of office to support the U.S. and Arizona's constitution." Plaintiff claims Defendant Ducey failed in his duties to "supervise and implement safeguards afforded to the Superior Court judges allowing them to render illegal/unlawful sentences unimpeded [from] 1994 to 2018" and violate "prisoners['] due process rights, sentencing Plaintiff Palmer along with others to life with parole when Arizona law had forbid it." Plaintiff alleges he was sentenced to life with parole in 2007, "on inaccurate information, leaving him in a legal limbo status and

Defendants refused to acknowledge or remedy the problem."

According to Plaintiff, in 1994, the Arizona Legislature amended Arizona Revised Statutes section 41-1604.09 to eliminate parole for all offenses committed on or after January 1, 1994. Plaintiff alleges Defendant Acuna sentenced Plaintiff to life imprisonment with the possibility of parole after 25 years for each count, to run concurrently. Plaintiff claims his sentence was illegal because Arizona had abolished parole for all offenses committed after January 1, 1994, and Arizona Revised Statutes section 13-604(s), under which Plaintiff was sentenced, forbids parole.

The State did not request that Plaintiff's sentence be corrected and Defendant Acuna did not correct the sentence, as Plaintiff claims is required under Rule 24.3 of the Arizona Rules of Criminal Procedure. Plaintiff appealed his conviction on other grounds and, at that time, was unaware of the parole issue. On September 18, 2008, the Arizona Court of Appeals affirmed Plaintiff's conviction and sentence without mentioning the illegal sentences. Plaintiff states that because the State did not challenge Plaintiff's illegal sentences by means of a timely motion, no court has jurisdiction to amend his sentences.

Plaintiff claims Defendant Acuna violated Plaintiff's Fourteenth Amendment rights when he relied on false information, failed to accurately review the applicable sentencing statute, and abused his discretion by intentionally imposing an illegal sentence. Plaintiff claims Defendant Ducey failed to supervise "sentencing guidelines [he] created and/or implemented resulting in the State of Arizona imposing illegal sentencing throughout Arizona courts from 1994 through 2018 when the discovery of the courts illegal sentencing came to light."

Plaintiff alleges that on the date he was sentenced, Defendant Acuna also filed three inconsistent minute entries that "purported that Palmer was sentenced to life imprisonment without eligibility for release for 25 years and three more consecutive community supervision[s] in accordance with ARS 13-601(1), mandated pursuant to ARS 13-604(s)." Plaintiff claims this allowed Defendant Shinn "to construct [Plaintiff's] sentences as being life with release which require[s] a[] recommendation from the Arizona Board of Executive

Clemency then approval by the governor of Arizona, rather than an automatic hearing that parole provides." On November 5, 2019, ADC's Offender Services Bureau relied on the minute entries to conclude parole was not available to Plaintiff and he would not be considered for a parole hearing.

On April 12, 2021, Defendant Shinn calculated Plaintiff's sentenced "to be 99999 flat days which [totals] 273 years, 9 months, and 13 days, with an additional 99999 flat days of community supervision on each [sentence] imposed by the court per the three inconsistent minute entries filed by the trial court."

Plaintiff claims he did not know at the time of his sentencing that Arizona had abolished parole and it was not until 2017 that Plaintiff learned from other prisoners that there might be an issue for "those sentenced to life with the possibility of parole after 25 years." Plaintiff was later informed by a corrections officer that he was ineligible for parole consideration "because he was sentenced by jury trial revealing the fact that parole had been abolished and the court, Defendant Acuna, relied on false facts and information on the basis in imposing an illegal sentence of life with parole."

## IV.   Failure to State a Claim

### A.   Defendants Ducey and Hobbs

Plaintiff alleges Defendants Ducey and Hobbs failed in their duties to supervise Defendants Acuna and Shinn. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff's claims against Defendants Ducey and Hobbs are based entirely on their allegedly supervisory roles over Defendants Acuna and Shinn. This is not a basis for § 1983 liability and the Court will therefore dismiss without prejudice Defendants Ducey and Hobbs.

### B. Defendant Acuna

Plaintiff claims Defendant Acuna issued an illegal and unconstitutional sentence in Plaintiff criminal case and seeks an order requiring Defendant Acuna to comply with the Fourteenth Amendment's due process requirements. Plaintiff's postconviction proceedings are still pending in Pima County Superior Court.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). Accordingly, the Court will dismiss Defendant Acuna.

### V. Cognizable Claim and Motion for Stay

### A. Defendant Shinn/ADC Director Thornell

Liberally construed, Plaintiff has adequately stated a Fourteenth Amendment due process claim against Defendant Shinn.[*] Because Defendant Shinn has recently retired, the Court will substitute ADC's new Director Ryan Thornell for Defendant Shinn. *See* Fed. R. Civ. P. 25(d).

---

[*] *See Chaparro v. Shinn*, 459 P.3d 50, 51 (Ariz. 2020) (discussing Arizona's elimination of parole for offenses committed on or after January 1, 1994 and holding that a sentence entered after the elimination of parole that imposes "life without the possibility of parole for 25 years" entitles prisoners to parole after serving 25 years' imprisonment).

- 7 -

JDDL

**B.     Stay**

Plaintiff asks that the Court stay proceedings in this case until the state trial court has resolved Plaintiff's postconviction sentencing issues, in compliance with the Arizona Supreme Court's remand. The Court will grant the Motion for Stay and require Plaintiff to file a status report on March 1, 2023, and every 90 days thereafter, reflecting the status of Plaintiff's state court postconviction proceedings.  The Court will also require Plaintiff to file a status report within 15 days of the conclusion of those proceedings stating whether he was granted relief in state court. If Plaintiff fails to file a status report every 90 days, the Court will dismiss this case.

**VI.    Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

///

///

**IT IS ORDERED:**

(1) Defendants Ducey, Hobbs, and Acuna are **dismissed**.

(2) Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, ADC's Director Ryan Thornell is **substituted** for David Shinn as a Defendant.

(3) Plaintiff's Motion to Stay (Doc. 27) is **granted**.

(4) This case is **stayed** pending the resolution of Plaintiff's postconviction sentencing proceedings, currently pending in the Pima County Superior Court. The Clerk of Court must indicate on the docket that this case is **stayed**.

(5) Beginning on **March 1, 2023, and every 90 days thereafter**, Plaintiff **must file** with the Court a "Notice of Status" that informs the Court of the status of Plaintiff's state court postconviction proceedings currently pending in Pima County Superior Court.

(6) Plaintiff must file a "Notice of Status" within 15 days after conclusion of Plaintiff's state court postconviction proceedings in Pima County Superior Court.

(7) If Plaintiff fails to file the required Notices of Status every **90 days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

Dated this 3rd day of February, 2023.

Michael T. Liburdi
United States District Judge